NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

KIN WONG, *et al.*,

                Plaintiffs,

      v.

BANK OF NEW YORK, *et al*,

                Defendants.

Civil Action No. 14-5212 (CCC-JBC)

**MEMORANDUM OPINION
AND ORDER**

**THIS MATTER** comes before the Court on the request of *pro se* Plaintiffs Kin Wong and Eva Chin ("Plaintiffs") to reopen this action in response to the Court's dismissal of the action pursuant to Federal Rule of Civil Procedure 4(m). ECF No. 14. It appearing that:

1. Plaintiffs, proceeding *pro se*, filed the Complaint in this action on August 20, 2014 against Defendants Bank of New York and Wells Fargo Bank, N.A., as well as other unnamed defendants (collectively, "Defendants"). ECF No. 1. The Complaint asserts various causes of action related to the foreclosure on a parcel of property at 73 Lenape Lane, Berkeley Heights Township, New Jersey.

2. On February 20, 2015, the Court issued a Notice of Call for Dismissal Pursuant to Federal Rule of Civil Procedure 4(m) (the "4(m) Notice"), as Plaintiffs had not established that proper service was effected on Defendants within 120 days of the filing of the Complaint. See ECF No. 8.

3. Plaintiffs filed a response to the 4(m) Notice on March 4, 2015, in which Plaintiffs stated that they had effected service on October 15, 2014, and directed the Court's attention to what appeared to be a confirmation of a facsimile transmission. See ECF No. 9, Ex. A.

4. The Court issued a second 4(m) Notice on March 30, 2015, again instructing Plaintiffs that unless they established that proper service was effected within 120 days of filing the Complaint, the Court would dismiss the action. See ECF No. 10.

5. The Court entered an order dismissing the case on April 20, 2015, without prejudice, as Plaintiffs had not shown good cause as to why the action should not be dismissed for failure to effect service within 120 days of filing the Complaint. See ECF No. 11.

6. On April 27, 2015, Plaintiffs filed Return of Service forms for Defendant Bank of New York and for Defendant Wells Fargo Bank, indicating that they had effected service by mailing the Summons and Complaint to each of the Defendants via priority mail. See ECF Nos. 12, 13.

7. The Return of Service form for Bank of New York indicates that the party had moved and left no address, so the package was not delivered. ECF No. 12.

8. The Return of Service form for Wells Fargo Bank indicates that the package was delivered, by priority mail, on April 20, 2015. ECF No. 13.

9. Plaintiffs filed the instant "Response to Call for Dismissal Pursuant to Fed. R. Civ. P. 4(m)" on May 8, 2015, attaching the aforementioned Return of Service forms. See ECF No. 14. Plaintiffs request that the Court reopen the case, because "service has been properly effectuated." Id.

10. Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "[I]f the plaintiff shows

good cause for the failure, the court must extend the time for service for an appropriate period." Id.

11. Federal Rule of Civil Procedure 4(h) governs service on a corporation, partnership or association.   Under Rule 4(h), service must be completed either (A) in the manner prescribed by Rule 4(e)(1), which allows the plaintiff to follow the law of the state in which the district court is located, or (B) "by delivering a copy of the summons and the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h).

12. The term "delivering" in Rule 4(h)(1)(B) does not include service by mail. See Travelodge Hotels Inc. v. Vijay Inv., LLC, No. 07-4033, 2007 WL 4557641, at *1 (D.N.J. Dec. 21, 2007) (collecting cases).

13. Plaintiff may serve a corporation, partnership or association by following the New Jersey Rules of Court (pursuant to Rule 4(e)(1)), and those rules provide the following: "If it appears by affidavit satisfying the requirements of R. 4:4-5(b) that despite diligent effort and inquiry personal service cannot be made in accordance with paragraph (a) of this rule," service may be effectuated by "mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously by ordinary mail to . . . a corporation, partnership or unincorporated association that is subject to suit under a recognized name, addressed to a recognized agent for service, or to its principal place of business, or to its registered office." N.J. Ct. R. 4:4-4(b)(1)(C).

14. Plaintiffs did not file an affidavit showing that "despite diligent effort and inquiry, personal service cannot be made" in accordance with New Jersey Court Rule 4:4-4(a).  Therefore, serving Defendants by mail is insufficient.  See Capers v. Quest Capital Strategies, No. 06-5780, 2007 WL 2033831, at *2 (D.N.J. July 10, 2007) (denying default judgment where plaintiff served defendant "via certified mail at its New York office," and noting that "[i]n New Jersey, service can be made by certified mail, but after personal service is unsuccessful"); cf. Travelodge, 2007 WL 4557641, at *2.

15. Moreover, according to the Return of Service that Plaintiffs filed with the Court as to Defendant Bank of New York, the Summons and Complaint were never delivered to that Defendant.  See ECF No. 12.

16. In light of Plaintiffs' *pro se* status, the Court will grant Plaintiffs one final opportunity to effect service properly on Defendants, within thirty (30) days of the date of this Order.  See Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure [to effect service within 120 days,] the court must extend the time for service for an appropriate period.").  Accordingly,

IT IS on this *11* day of ___*May*___, 2015,

**ORDERED THAT:**

1.  The Clerk of the Court shall reopen this matter.

2.  Plaintiffs shall establish that proper service was effected within thirty (30) days of the date of this Order.

3. If proof of service is not filed within thirty (30) days of the date of this Order and Plaintiffs do not show good cause as to why this action should not be dismissed, the Court will dismiss the action.

**SO ORDERED.**

_____
**CLAIRE C. CECCHI, U.S.D.J.**