**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KIN WONG, et al., | : | Civil Action No. 14-5212 (CCC-JBC) |
| Plaintiffs, | : | |
| v. | : | OPINION |
| BANK OF NEW YORK, et al., | : | |
| Defendants. | : | |

**CECCHI, District Judge.**

**I.   INTRODUCTION**

This matter comes before the Court by way of the motion [ECF No. 22] of Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and The Bank of New York Mellon ("BNY") (collectively, the "Defendants") to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants also request sanctions pursuant to Federal Rule of Civil Procedure 11. Plaintiffs, who are proceeding pro se, have not responded to the motion. This motion has been decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, Defendants' motion to dismiss Plaintiffs' Complaint is granted without prejudice and Defendants' request for sanctions is denied.

**II.   BACKGROUND**

The following facts are accepted as true for purposes of the instant motion. Plaintiffs Kin Wong and Eva Chin (collectively, "Plaintiffs") owned the subject property located at 73 Lenape

Lane, Berkley Heights Township, New Jersey 07922 (the "Property"). See Complaint ("Compl."), ECF No. 1, ¶ 1. On October 26, 2006, Plaintiffs entered into a $480,000.00 Note with World Savings Bank, FSB[1] ("World Savings") and entered into a Mortgage with World Savings, which was secured by Plaintiffs' Property. See id. ¶¶ 15, 16; see also Exhibit A to Certification of Deepa J. Zavatsky, Esq. ("Savatsky Cert."), ECF No. 22-3. Plaintiffs allege that their loan was "bundled into a group of Notes and subsequently sold to investors as a derivative 'Mortgage Backed Security'" and that BNY is the trustee for the trust that currently owns Plaintiffs' Note and Mortgage. See Compl. ¶¶ 17, 18. After Plaintiffs defaulted on their loan payments, Wells Fargo instituted a foreclosure action against Plaintiffs and a final foreclosure judgment was entered on behalf of Wells Fargo on February 19, 2014. See Exhibit C to Savatsky Cert., ECF No. 22-5.

On August 20, 2014, Plaintiffs filed their Complaint against Defendants, alleging Quiet Title (Count I); Violation of the Real Estate Procedures Act ("RESPA") (Count II); Violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") (Count III); Breach of a Security Instrument (Count IV); Breach of the Covenant of Good Faith and Fair Dealing (Count V); Violation of the Federal Debt Collection Practices Act ("FDCPA") (Count VI); and Slander of Title (Count VII). On September 10, 2015, the Defendants filed the instant, unopposed Motion to Dismiss.

Since the Complaint was filed, a sheriff's sale was conducted in November 2014 pursuant to a state court order, and the Property was sold to a third-party buyer who recorded the deed and

---

[1] Defendants explain that World Savings Bank, FSB changed its name to Wachovia Mortgage, FSB in December 2007 and then was acquired by and merged into Wells Fargo Bank, N.A. in November 2009. See Defendants' Memorandum of Law in Support of Motion to Dismiss ("Ds' MOL in Supp."), ECF No. 22-1, at 2.

who later resold the property in June 2015. See Exhibits D and E to Savatsky Cert., ECF Nos. 22-6, 22-7.

## III. LEGAL STANDARD[2]

A motion to dismiss for lack of standing is properly brought pursuant to Federal Rule of Civil Procedure 12(b)(1), because standing is a matter of jurisdiction. Ballentine v. U.S., 486 F.3d 806, 810 (3d. Cir. 2007) (citing St. Thomas-St. John Hotel Tourism Ass'n v. Gov't of the U.S. Virgin Islands, 218 F.3d 232, 240 (3d. Cir. 2000)); Kauffman v. Dreyfus Fund, Inc., 434 F.2d 727, 733 (3d Cir. 1970).

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" Lance v. Coffman, 549 U.S. 437, 439 (2007); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) ("Though some of its elements express merely prudential considerations that are part of judicial self-government, the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III."). One key aspect of this case-or-controversy requirement is standing. Lance, 549 U.S. at 439. "The standing inquiry focuses on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." Constitution Party of Pennsylvania, 757 F.3d 347, 360 (3d Cir. 2014) (citing Davis v. FEC, 554 U.S. 724, 734 (2008)).

To establish standing, a plaintiff must satisfy a three-part test, showing: (1) an 'injury in fact,' i.e., an actual or imminently threatened injury that is 'concrete and particularized' to the plaintiff; (2) causation, i.e., traceability of the injury to the actions of the defendant; and (3)

---

[2] Because the Court finds that Plaintiffs' Complaint should be dismissed on the basis of lack of subject matter jurisdiction, the Court does not address the alternative argument that Plaintiffs have failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

redressability of the injury by a favorable decision by the Court. Nat'l Collegiate Athletic Ass'n v. Gov. of N.J., 730 F.3d 208, 218 (3d. Cir. 2013) (citing Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009)). "The party invoking federal jurisdiction bears the burden of establishing these elements." Lujan, 504 U.S. at 561. At the motion to dismiss stage, a plaintiff must demonstrate a plausible claim of standing. See id.

## IV. DISCUSSION

For the following reasons, Plaintiffs' Complaint is dismissed without prejudice. Additionally, Defendants' motion for sanctions pursuant to Federal Rule of Civil Procedure 11 is denied.

### A. The Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Claims

Defendants contend that this Court lacks subject matter jurisdiction to hear Plaintiffs' claims due to the Rooker-Feldman Doctrine, because there was a fully adjudicated foreclosure action in state court. The Rooker-Feldman doctrine divests federal courts of subject matter jurisdiction where the requested relief would reverse a prior state court decision or void its ruling. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); see also 28 U.S.C. § 1257. There are four factors used to determine whether the Rooker-Feldman Doctrine applies: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010).

Here, all four factors are met. First, a foreclosure proceeding was instituted against Plaintiffs in state court, which resulted in a final foreclosure judgment and sheriff's sale. Second,

4

the gravamen of Plaintiffs' Complaint is that Defendants were not the true holders of the note and thus did not have standing to enforce the loan and proceed with the foreclosure action against Plaintiffs. Third, the final foreclosure judgment was rendered in February 2014, before Plaintiffs instituted the action before this Court. And fourth, Plaintiffs' Complaint now seeks to invalidate the foreclosure proceeding that was fully litigated in state court and have this Court instead "declar[e] Plaintiffs to be the title owner[s] of the Subject Property . . . ." Compl. ¶ 62.

Accordingly, because the Rooker-Feldman doctrine applies here, this Court lacks subject matter jurisdiction to review Plaintiffs' claims for Quiet Title (Count I); Violation of RESPA (Count II); Violation of RICO (Count III); Breach of a Security Instrument (Count IV); Breach of the Covenant of Good Faith and Fair Dealing (Count V); Violation of FDCPA (Count VI); and Slander of Title (Count VII).

### B. Sanctions Against Plaintiffs Are Not Warranted Here

Defendants also request that this Court levy sanctions against the pro se Plaintiffs, contending that Plaintiffs' Complaint seeking to quiet title to "a mortgage that no longer exists [and] a property that was sold at [a] judicial sheriff sale nearly a year ago . . . is the definition of frivolous conduct . . . ." Ds' MOL in Supp. at 28-29. Federal Rule of Civil Procedure 11 permits sanctions against a party whose pleadings are frivolous, legally unreasonable, or presented for an improper purpose such as harassment or to delay litigation—"even though the paper was not filed in subjective bad faith." Fed. R. Civ. P. 11(b); Lieb v. Topstone Indus., Inc., 788 F.2d 151, 157 (3d Cir. 1986) (internal quotation marks omitted). The goal of Rule 11 sanctions is to discourage the submission of such pleadings and to promote accountability. See Lai v. Dist. V-C Ethics Comm., No. CIV A 06-2661 WJM, 2006 WL 3677933, at *4 (D.N.J. Dec. 11, 2006).

Although a pro se plaintiff is not shielded from Rule 11 sanctions, "in considering whether to impose Rule 11 sanctions, a court may take into account a pro se plaintiff's status as someone who is 'untutored in the law.'" Id. (quoting Niyogi v. Intersil Corp., Civ. No. 05-4685(AET), 2006 WL 2570826 at *2 (D.N.J. Sep. 5, 2006) (citations omitted)). "Moreover, the Court of Appeals for the Third Circuit has repeatedly advised that [R]ule 11 sanctions are to be imposed only under exceptional circumstances." Briehler v. Am. Cont'l Prop. of New Jersey, Inc., No. CIV. 89-4761 (CSF), 1991 WL 117801, at *6 (D.N.J. June 13, 1991) (citing Doering v. Union Cty. Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988); Gaiardo v. Ethyl Corp., 835 F.2d 479, 483 (3d Cir. 1987)). Under these facts and given the legal complexity of subject matter jurisdiction, the Court does not find that the filing of Plaintiffs' Complaint warrants the imposition of Rule 11 sanctions against these pro se Plaintiffs.

## V. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss Plaintiffs' Complaint is granted without prejudice. Defendants' request for sanctions pursuant to Federal Rule of Civil Procedure 11 is denied. To the extent the deficiencies in Plaintiffs' Complaint can be cured by way of amendment, Plaintiffs are granted thirty (30) days to file an Amended Complaint solely for purposes of amending the dismissed claims.

An appropriate Order accompanies this Opinion.

Dated: April 20, 2016

**CLAIRE C. CECCHI, U.S.D.J.**